UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

                                              Case No. 14-25345-BKC-LMI

Yamilet R. Medina                              Chapter 7
SSN: XXX-XX-6460

            Debtor.           _    /

**TRUSTEE'S MOTION TO APPROVE STIPULATION FOR COMPROMISE
AND SETTLEMENT REGARDING VALUATION AND REPURCHASE OF
DEBTOR'S NON-EXEMPT ASSETS**

**Any interested party who fails to file and serve a written response to this Motion within 21 days after the date of service stated in this Motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this Motion. Any scheduled hearing may then be canceled.**

Marcia T. Dunn, as Chapter 7 trustee of the Bankruptcy Estate of Yamilet R. Medina (the "Trustee"), pursuant to Federal Rule of Bankruptcy Procedure 9019 and Local Rule 9013-1(D), files her Motion to Approve Stipulation For Compromise and Settlement Regarding Valuation and Repurchase of Debtor's Non-Exempt Assets (the "Motion"), and in support thereof, states as follows:

### I. Background

1.      This case commenced with the filing of a voluntary Chapter 7 petition on July 3, 2014 (the "Petition Date"). Shortly thereafter, Marcia T. Dunn was appointed as Chapter 7 trustee.

### The Personal Property

2.      The Schedules lists certain property (collectively, the "Scheduled Property"). In addition, the Debtor may receive a 2014 Federal Income Tax Refund for the period through the Petition Date (the "2014 Refund"). The Scheduled Property and the Refund shall be collectively referred to as the ("Property").

3.      The Debtor has claimed a portion of the Property as exempt.

CASE NO.: 14-25345-BKC-LMI

4.      The Trustee asserts that a portion of the Property is undervalued. The Debtor disputes certain aspects of the Trustee's analysis.

## II. The Proposed Settlement[1]

5.      In light of, among other things, the expense and uncertainty of litigation, and in order to provide for the expeditious administration of this Estate, the Trustee and the Debtor have entered into a Stipulation For Compromise and Settlement Regarding Valuation and Repurchase of Debtor's Non-Exempt Assets (the "Stipulation"), a true and correct copy of which is attached hereto as Exhibit "A" and incorporated by reference.

6.      The Stipulation provides for the valuation and repurchase of the Debtor's non-exempt interest in the Property.

7.      Pursuant to the term of the Stipulation, the Debtor has agreed to pay, and the Trustee has agreed to accept, the sum of $4,315.00 in cleared funds (the "Settlement Amount"), for the repurchase of Debtor's non-exempt interest in the Property to be paid in ten (10) consecutive monthly installments of $451.50 each month, with the first payment to be made on or before November 15, 2014, and each subsequent payment due on the same day each month thereafter until a total of $4,515.00 is paid in full.   The last payment is scheduled for August 15, 2015.   The $4,515.00 amount includes an additional fee of $20.00 per month, which represents the anticipated bank fees and administrative expenses incurred by the Estate during the pendency of the repayment term.

8.      The Stipulation also contains, among other things: (a) representations and warranties by the Debtor; and (b) a default provision that provides for revocation of the Debtor's discharge in the event that the terms and conditions of the Stipulation are breached.

---

[1] The following is only a summary of the terms of the settlement.   The terms of the Stipulation control, and all interested parties are urged to review same. All capitalized terms not otherwise defined in this Motion shall have the meanings ascribed to them in the Stipulation.

CASE NO.: 14-25345-BKC-LMI

### III. Legal Standard for Settlement

9. Bankruptcy Rule 9019(a) provides: "On motion . . . and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement."[2]

10. As this Court has previously found, "approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988) (Cristol, J.)(citing *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs., Inc.)*, 762 F.2d 185, 189 (2d Cir. 1985); *In re Prudence Co.*, 98 F.2d 559 (2d Cir. 1938), cert. denied sub nom. *Stein v. McGrath*, 306 U.S. 636 (1939)).

11. The test is whether the proposed settlement "falls below the 'lowest point in the range of reasonableness.'" *Arrow Air*, 85 Bankr. 891 (quoting *Teltronics Servs.*, 762 F.2d 189; *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822 (1983)).

12. According to the United States Eleventh Circuit Court of Appeals, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

    (a)    the probability of success in the litigation;
    (b)    the difficulties, if any, to be encountered in the matter of collection;
    (c)    the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
    (d)    the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II. Ltd.)*, 898 F.2d 1544 (11th Cir. 1990). *See Jackson Brewing*, 624 F.2d 602, quoted in *Arrow Air*, 85 B.R. 891.

13. Because, among other things: (a) the Proposed Settlement monetizes the Estate's interest in the Scheduled Personal Property; and (b) avoids the expense of liquidating the Scheduled Personal Property, the Trustee believes that the Proposed Settlement meets the

---

[2] Rule 9013-1(D) of the Local Bankruptcy Rules for the Bankruptcy Court for Southern District of Florida permits, *inter alia*, relief without a hearing for motions to approve settlement.

3

CASE NO.: 14-25345-BKC-LMI

standards set forth in *In re Justice Oaks II*, and therefore, recommends approval of the settlement as fair and reasonable, and within the reasonable range of possible litigation outcomes. In addition, the Proposed Settlement minimizes administrative expenses to the Estate, increases the dividend available to creditors, and allows for a distribution of sums and proceeds within a reasonable time.

14. Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as Exhibit "B."

**WHEREFORE**, Marcia T. Dunn, as Chapter 7 Trustee of the Bankruptcy Estate of Yamilet R. Medina, respectfully requests this Honorable Court enter an Order: (1) granting the instant Motion; (2) approving the Proposed Settlement and the Stipulation; and (3) granting such other and further relief as this Court deems just and proper.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished this 24th day of October 2014, to the parties who are currently on the list to receive e-mail notice/service for this case and via U.S. mail to all interested parties on the attached service list.

    Respectfully submitted,

    /s/   Marcia T. Dunn
    Marcia T. Dunn
    Chapter 7 Trustee
    555 NE 15th Street, Suite 934-A
    Miami, Florida 33132
    Telephone: (786) 433-3866
    Facsimile:   (786) 260-0269
    mdunn@dunnbankruptcy.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

Yamilet R. Medina                                           Case No. 14-25345-BKC-LMI
SSN: XXX-XX-6460                                          Chapter 7

_____Debtor_____/

**STIPULATION FOR COMPROMISE AND SETTLEMENT REGARDING
VALUATION AND REPURCHASE OF DEBTOR'S NON-EXEMPT ASSETS**

Marcia T. Dunn, as Chapter 7 Trustee, and the Debtor, Yamilet R. Medina (the "Debtor"), enter into this Stipulation for Compromise and Settlement Regarding Valuation and Repurchase of Debtor's Non-Exempt Assets (the "Stipulation"). The Trustee and the Debtor agree upon the following terms and conditions:

1. This case commenced with the filing of a voluntary Chapter 7 Petition on July 3, 2014. Marcia T. Dunn is the duly appointed Chapter 7 Trustee.

2. The Schedules list certain property (collectively, the "Scheduled Property"). In addition, the Debtor may receive a Federal Income Tax Refund for the period through the Petition Date (the "Refund"). The Scheduled Property and the Refund shall be collectively referred to as the ("Property").

3. The Debtor has claimed a portion of the Property as exempt.

4. Based on a review of the documents provided and other salient information, the Trustee asserts that a portion of the Property may be undervalued.

5. The Debtor disputes certain aspects of the Trustee's analysis.

EXHIBIT "A"

CASE NO. 12-25345-BKC-LMI

### The Settlement

6. The Trustee and the Debtor agree to compromise the valuation and repurchase of the non-exempt interest in the Property for $4,315.00 (the "Settlement Amount"). The Trustee and the Debtor agree that the Settlement Amount also provides for the repurchase of the Debtor's interest in the 2009 Honda Fit Hatchback. The Trustee has already received or collected $0.00 which is to be applied to the Settlement Amount.

7. The Trustee and the Debtor agree that the Estate shall be paid $4,315.00 in ten (10) consecutive monthly installments of $451.50. The first payment is to be made on or before November 15, 2014, and each subsequent payment will be due on the same day each month until a total of $4,515.00 is paid in full. The last payment is scheduled for August 15, 2015. The $4,515.00 includes an additional fee of $20.00 which represents the anticipated bank fees and administrative expenses incurred by the Estate during the pendency of the repayment period.

8. The payment shall be in the form of a money order or cashier's check made payable to "Marcia T. Dunn, Trustee, for the Estate of Yamilet R. Medina, Case No. 14-25345-LMI" and shall be delivered to Marcia T. Dunn, Trustee, at 555 N.E. 15th Street, Suite 934-A, Miami, FL 33132.

9. With regard to the repurchase of the Debtor's non-exempt interest in the vehicle(s) included in the Property, the debtor further agrees to: (i) maintain full liability and property damage insurance on all vehicles until such time as the Settlement Amount is paid in full; and (ii) name Marcia T. Dunn, Trustee, as loss payee and additional insured on the insurance policy for the vehicle(s) and to provide the Trustee with a Certificate of Insurance evidencing coverage, within 10 days of execution of this stipulation. The Debtor further



2

CASE NO. 12-25345-BKC-LMI

agrees that upon the lapse of said policy, the Debtor shall immediately reinstate the insurance policy or obtain a new policy, and provide the Trustee with reinstatement notice, or a copy of the new policy.

10. The Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), are true and correct, (2) the Pleadings contain no material misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "Documents"), are true and correct and (4) the Documents contain no material misrepresentations or omissions. To the extent that the Debtor has failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

11. In the event that the Debtor fails to comply with the terms of this Stipulation, or should any of the Debtor's representations and warranties contained herein be untrue, the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the Property the Debtor has claimed as exempt for the remainder of the amount due and owing asset forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at the statutory rate, attorneys' fees and costs. Further, the Trustee may file a Notice of Default and submit an Order to the Court revoking the Debtor's discharge. Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtor agrees to waive any procedural requirements prior to the entry of an order revoking discharge. However, the Debtor's discharge will not be revoked without a hearing.

12. This Stipulation represents the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and cannot be amended, supplemented or

3

modified except by an instrument in writing signed by the party or parties against whom enforcement of any amendments, supplement, or modification is sought. A waiver by a party of any breach of any provision of this stipulation shall not be construed to be a waiver by any such party of any breach of any other provision.

13. This Stipulation may be executed in counterparts, which, when combined, shall be deemed to constitute one original and binding document. The parties further agree that facsimile signatures shall be treated in all manner and respects as original signatures.

14. This Stipulation is subject to approval of the United States Bankruptcy Court, Southern District of Florida.

Dated this 22nd day of October, 2014

X Yamilet Medina
Yamilet R. Medina, Debtor
9870 Caribbean Boulevard
Cutler Bay, FL 33189-1572

Dated this 22nd day of October, 2014

Robert Sanchez, Esq.
Attorney for Debtor
355 E. 49th Street
Hialeah, FL 33012

Dated this 24 day of October, 2014

Marcia T. Dunn, Trustee
555 N.E. 15th Street
Suite 934-A
Miami, FL 33132
Telephone (786) 433-3866
Facsimile (786) 260-0269
Email: mdunn@dunnbankrutpcy.com
Website: www.dunnbankruptcy.com

4

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113C-1<br>Case 14-25345-LMI<br>Southern District of Florida<br>Miami<br>Fri Oct 24 20:27:10 EDT 2014 | BAC Home Loans Servicing, LP<br>c/o Smith, Hiatt & Diaz, P.A.<br>POB 11438<br>Fort Lauderdale, FL 33339-1438 | Bk Of Amer<br>P.O. Box 7047<br>Dover, DE 19903 |
| (p)BANK OF AMERICA<br>PO BOX 982238<br>EL PASO TX 79998-2238 | Cach, LLC<br>c/o Harold E. Scherr, Esq.<br>1064 Greenwood Blvd #328<br>Lake Mary, FL 32746-5419 | (p)CAPITAL ONE<br>PO BOX 30285<br>SALT LAKE CITY UT 84130-0285 |
| Chase<br>Bank One Card Serv 2500 Westfield Dri<br>Elgin, IL 60124-7836 | Chase<br>Po Box 15298<br>Wilmington, DE 19850-5298 | Commonwealth Financial<br>245 Main St<br>Dickson City, PA 18519-1641 |
| Lvnv Funding Llc<br>Po Box 10497<br>Greenville, SC 29603-0497 | Mcydsnb<br>9111 Duke Blvd<br>Mason, OH 45040-8999 | (p)ALLY FINANCIAL<br>ROSEVILLE BANKRUPTCY CENTER<br>2740 ARTHUR STREET<br>ROSEVILLE MN 55113-1303 |
| Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130-1614 | Point South Condominium Association, Inc<br>c/o Veronica Tejada Lacayo, Esq.<br>2525 Ponce de Leon Boulevard<br>Suite 300<br>Miami, FL 33134-6044 | Santander Consumer Usa<br>Po Box 961245<br>Ft Worth, TX 76161-0244 |
| Sears/Cbna<br>Po Box 6189<br>Sioux Falls, SD 57117-6189 | Sears/Cbna<br>Po Box 6283<br>Sioux Falls, SD 57117-6283 | State Farm<br>POB 23025<br>Columbus, GA 31902-3025 |
| Stellar Recovery Inc<br>4500 Salisbury Rd Ste 10<br>Jacksonville, FL 32216-8035 | Syncb/Jcp<br>Po Box 984100<br>El Paso, TX 79998 | Teovanni Brown<br>21830 SW 111 Ave<br>Miami, FL 33170-3026 |
| Tommy Lee Brown<br>21830 sw 111 Ave<br>Miami, FL 33170-3026 | Vance, Lotane & Bookhardt, P.A.<br>1980 Michigan Ave<br>Cocoa FL 32922-5729 | Marcia T Dunn<br>555 NE 15 St, Ste 934-A<br>Miami, FL 33132-1455 |
| Robert Sanchez Esq<br>355 W 49 St.<br>Hialeah, FL 33012-3715 | Yamilet R Medina<br>9870 Caribbean Boulevard<br>Cutler Bay, FL 33189-1572 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Bk Of Amer                          Cap One                             National
Po Box 982235                       Po Box 85520                        5700 Crooks Rd Ste 301
El Paso, TX 79998                   Richmond, VA 23285                  Troy, MI 48098
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Miami                            End of Label Matrix
                                    Mailable recipients    25
                                    Bypassed recipients     1
                                    Total                  26
```

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

Yamilet R. Medina
SS#: XXX-XX-6460

Case No. 14-25345-BKC-LMI
Chapter 7

_____Debtor._____/

[PROPOSED]
**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE STIPULATION FOR COMPROMISE AND SETTLEMENT REGARDING VALUATION AND REPURCHASE OF DEBTOR'S NON-EXEMPT ASSETS**

THIS CAUSE having come before the Court upon the Chapter 7 Trustee's Motion to Approve Stipulation for Compromise and Settlement Regarding Valuation and Repurchase of Debtor's Non Exempt Assets (hereinafter "the Motion"), on notice to all interested parties and creditors, pursuant to the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court (on Negative Notice), and the Court, having reviewed the Motion and the Certificate Of No Response, having noted that no objections were filed, good cause having been shown, and being otherwise duly advised in the premises, does hereby

**ORDERED AND ADJUDGED** that:

EXHIBIT "B"

CASE NO.: 14-25345-BKC-LMI

The Motion is **GRANTED** and the settlement is **APPROVED**.

    1.    The compromise and settlement is approved on the terms and conditions set forth in the Motion and the Stipulation attached to the Motion, as follows:

    a.  The Trustee and Debtor agree that the Settlement Amount provides for repurchase of the Debtor's interest in the 2009 Honda Fit Hatchback.

    b.  The Trustee and Debtor agree that the Settlement Amount of $4,315.00 shall be paid in ten (10) consecutive monthly installments of $451.50. The first payment is to be made on or before November 15, 2014, and each subsequent payment will be due on the same day each month thereafter until a total of $4,515.00 is paid in full. The last payment is scheduled for August 15, 2015. The $4,515.00 amount includes an additional fee of $20.00 per month, which represents the anticipated bank fees and administrative expenses incurred by the Estate during the pendency of the repayment term.

    2.    The Court incorporates the terms of the Stipulation into this Order and retains jurisdiction to enforce the terms of this settlement.

###

Submitted by:

Marcia T. Dunn
Chapter 7 Trustee
555 NE 15th Street, Suite 934-A
Miami, Florida 33132
Telephone: (786) 433-3866
Facsimile: (786) 260-0269
mdunn@dunnbankruptcy.com

Copies furnished to:
Marcia T. Dunn, Esq.

*(Marcia T. Dunn is directed to serve copies of this Order upon the Debtor, the Trustee, the Attorney for the Debtor, the U.S. Trustee, and all parties who have entered an appearance in this case, upon receipt thereof, and to file a Certificate of Service with the Court confirming such service.)*

2